UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALEEM EL-AMIN<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY PELOSI<br><br>　　　　　　　　　Defendant. | Case No.:　19cv2173-LAB (BLM)<br><br>**ORDER DISMISSING COMPLAINT AND CHARGING PLAINTIFF WITH A STRIKE** |

  Plaintiff Saleem El-Amin filed a petition for writ of mandamus against Speaker of the U.S. House of Representatives Nancy Pelosi. He also filed a motion to proceed *in forma pauperis* ("IFP"). He asks that the Court order her to regulate federal courts so that his 2014 armed robbery conviction in the Superior Court of the District of Columbia on November 14, 2014 will ultimately be set aside. His IFP motion shows he is confined at the Federal Penitentiary at Leavenworth, Kansas.

  A review of caselaw shows that El-Amin also unsuccessfully brought a habeas petition attacking his conviction. *See El-Amin v. English*, ___ Fed. Appx. ___, 2019 WL 4879402 (10th Cir. Oct. 3, 2019) (denying certificate of appealability and dismissing appeal). It is clear El-Amin is the same person as the petitioner/appellant in the Tenth Circuit case, because the details and dates of their

convictions are the same, and his inmate number is the same. His IFP motion also admits the Tenth Circuit charged him with a strike.

Because El-Amin is a prisoner seeking redress from a government officer, the Court is required to screen his complaint, and to dismiss it to the extent it is frivolous or malicious, or fails to state a claim. 28 U.S.C. § 1915A. The Court would must also screen the complaints of plaintiffs proceeding IFP. 28 U.S.C. § 1915(e)(2)(B).

The Court lacks any power to compel Congress to legislate. *See generally Baker v. Carr*, 369 U.S. 186 (1962) (discussing political question doctrine). Furthermore, to the extent El-Amin had any Constitutional claims as he now argues, he would not need the benefit of any new laws or regulations, because existing Constitutional and federal law provide for such claims. The amendment of such laws, if needed, is within the prerogative of Congress. *Hodel v. Va. Surface. Min. & Reclamation Ass'n, Inc.*, 452 U.S. 264, 283 (1981) ("[T]he effectiveness of existing laws in dealing with a problem identified by Congress is ordinarily a matter committed to legislative judgment.") El-Amin's complaint appears to be a response to procedural rulings in the habeas case, which he contends deprived him of the right to bring his claims. In fact, as he knows, he did bring claims, and they were considered and rejected. In other words, the legislation El-Amin is asking the Court to order is not necessary because he was not deprived of any right to bring claims.

Even if he believes other courts' decisions are wrong, he cannot continue to relitigate the validity of his conviction by framing it differently and filing it in different courts. The rapidity with which El-Amin is filing related cases, and the fact that he chose to file it in this District, which has no connection at all to his claims, bespeak a mischievous intent.

El-Amin's frivolous claims are **DISMISSED WITH PREJUDICE** and his motion to proceed IFP is **DENIED AS MOOT**.

/ / /

In his IFP motion, El-Amin admits that in a separate case, *El-Amin v. Office for Access to Administration of Justice*, 2019 WL 4194057, slip op. at *2 (D. Kan., Sept. 4, 2019), he was charged with a strike under 28 U.S.C. 1915(g). Similarly in this case, El-Amin's complaint lacks even an arguable basis for mandamus relief. The Court concludes that this matter also counts as a strike.

**IT IS SO ORDERED**.

Dated: November 19, 2019

Honorable Larry Alan Burns
Chief United States District Judge